THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | : | |
|    Plaintiff/Counter-Defendant, | : | Case No. 2:23-cv-3931 |
| v. | : | Judge Walter H. Rice |
| TK HAMILTON INC., d/b/a TOBACCO KING, et al., | : | Mag. Judge Michael R. Merz |
|    Defendants/Counter-Plaintiffs. | | |

ORDER SUSTAINING MOTION FOR PARTIAL SUMMARY JUDGMENT OF PLAINTIFF GS HOLISTIC, LLC (DOC. #43); JUDGMENT SHALL ULTIMATELY ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANTS TK HAMILTON INC., d/b/a TOBACCO KING, AND SALEH SALIM THAT TRADEMARK NOS. 6,174,291, 6,174,292, AND 6,633,884 WERE VALID, ACTIVE, AND OWNED BY PLAINTIFF AT ALL RELEVANT POINTS IN THE LITIGATION

---

This case is before the Court on the Motion for Partial Summary Judgment of Plaintiff/Counter-Defendant GS Holistic, LLC. (Doc. #43) On November 27, 2023, Plaintiff filed its Complaint against Defendants/Counter-Plaintiffs TK Hamilton Inc., d/b/a Tobacco King, and Saleh Salim. (Doc. #1, as amended at Doc. #40). Defendants filed an Answer on May 19, 2025. (Doc. #38, as amended at Doc. #64). On May 15, 2025, the Court ordered Plaintiff to move for partial summary judgment against Defendants as to the activity, validity and ownership of United States Patent and Trademark Office ("USPTO") Registration Nos.

6,174,291; 6,174,292; and 6,663,884 ("Stundenglass Marks"); if Plaintiff failed to do so, then the case would proceed to trial. (Order, Doc. #37, PAGEID 115-16). On June 6, 2025, Plaintiff filed its Motion. (Doc. #43). Defendants filed a memorandum *contra* (Doc. #67), and Plaintiff filed a reply memorandum (Doc. #68) The matter is ripe for decision.

I.  **Legal Standards**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the

2

material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings," and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

"Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure Civil § 2726 (3d ed. 1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed.R.Civ.P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). If it so chooses, however,

3

the court may also consider other properly presented materials in the record. FED.R.CIV.P. 56(c)(3).

## II. Analysis

In its Motion, Plaintiff presents substantial, valid, and undisputed evidence that the Stundenglass Marks Nos. 6,174,291; 6,174,292; and 6,633,884 are valid, active, and assigned to Plaintiff. Specifically, Plaintiff has attached true and accurate copies of the Stundenglass Marks registration with the USPTO. (C. Folkerts Decl. 1, Doc. #43-1, PAGEID 183, ¶ 7, citing Marks, Doc. #43-2, PAGEID 187-92).

> Receipt of a registered trademark automatically invokes a statutory presumption that the trademark is valid. The statutory presumption shifts the burden of proof to the party challenging the validity of the mark. Furthermore, the District Court may not overrule the decision of registerability of the Patent and Trademark Office (PTO) unless the party challenging the mark argues persuasively that the mark was ineligible for protection.

*Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.*, 871 F.2d 590, 593 (6th Cir. 1989) (internal citations omitted).

In their memorandum *contra*, Defendants first argue that the motion is premature, since they have not been given the ability to conduct discovery, and that "[d]iscovery is essential to explore numerous factual defenses that could rebut the presumption of validity, including: A) Fraud on the USPTO"; "B) Abandonment"; and "C) Genericness[.]" (Doc. #67, PAGEID 261). As Plaintiff points out, Defendants failed to file the requisite declaration averring why "*for specified reasons*, [they] cannot present facts essential to justify their

4

opposition[.]" (Doc. #68, PAGEID 266 (emphasis added, internal quotation marks omitted), quoting FED.R.CIV.P. 56(d)). The United States Court of Appeals for the Sixth Circuit has consistently upheld district courts' rejection of an insufficient time for discovery argument when, as here, the nonmovants have failed to make a Rule 56(d)-compliant declaration. *See, e.g., Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995); *Scadden v. Werner*, 677 F. App'x 996, 1000 (6th Cir. 2017), quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) ("The need to comply with Rule 56(d) 'cannot be overemphasized.'"). Beyond the failure to provide the requisite declaration, Defendants' theories regarding alleged fraud, abandonment, or genericness are conclusory and speculative. They do not explain what their bases are for those theories; nor do they posit what discovery could be reasonably calculated to lead to facts supporting those theories. As Defendants' request for delay is both procedurally and substantively deficient, it cannot serve as a basis for overruling the Motion.

Defendants then argue that, through their affirmative defense of unclean hands and Amended Counterclaim for abuse of process, they aim to prove "that GS Holistic's business model has shifted from legitimate commerce to predatory litigation[,]" and argue that "[d]iscovery is essential to develop the facts surrounding this pattern of conduct and to determine whether this lawsuit is a legitimate attempt to curb infringement or merely another facet of an extortionate business model." (Doc. #67, PAGEID 262). Even if true, such conduct would have no bearing on whether Defendants can rebut the presumed activity, validity and

5

ownership by Plaintiff of the Stundenglass Marks. Defendants do not claim, much less offer evidence, that Plaintiff engaged in illegal, or even improper, conduct in obtaining registration of the Stundenglass Marks from the USPTO. Unclean hands may affect Defendants' liability for infringement, and Plaintiff could be liable to Defendants on their counterclaim. However, those issues are not before the Court, and do not provide a reason to overrule summary judgment on the issues of active validity and ownership.

As there is no material dispute as to active ownership or validity of the Stundenglass Marks, Plaintiff's Motion for Partial Summary Judgment (Doc. #43) Defendants that Stundenglass Marks Nos. 6,174,291; 6,174,292; and 6,633,884 is SUSTAINED. Judgment shall ultimately enter in favor of Plaintiff and against Defendants that the Stundenglass Marks have been continuously valid, active, and assigned to Plaintiff.

The captioned case shall be set for trial on the issues of liability and damages.

IT IS SO ORDERED.

October 16, 2025

Walter H. Rice
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT