THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | : | |
| Plaintiff/Counter-Defendant, | : | Case No. 2:23-cv-3931 |
| v. | : | Judge Walter H. Rice |
| TK HAMILTON INC., d/b/a TOBACCO KING, et al., | : | Mag. Judge Michael R. Merz |
| Defendants/Counter-Plaintiffs. | | |

ORDER SUSTAINING PLAINTIFF/COUNTER-DEFENDANT GS HOLISTIC, LLC'S MOTION TO DISMISS COUNTERCLAIM (DOC. #69), AND DISMISSING COUNTERCLAIM FOR ABUSE OF PROCESS OF DEFENDANTS/ COUNTER-PLAINTIFFS TK HAMILTON INC., d/b/a TOBACCO KING, AND SALIM SALEH (DOC. #64); JUDGMENT SHALL ULTIMATELY ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANTS WITH RESPECT TO COUNTERCLAIM

---

On September 2, 2025, Defendants/Counter-Plaintiffs TK Hamilton Inc., d/b/a Tobacco King ("Tobacco King"), and Salim Saleth filed an Answer and Counterclaim for Abuse of Process against Plaintiff/Counter-Defendant GS Holistic, LLC. (Doc. #64, PAGEID 252-55). The Counterclaim accuses Plaintiff "of filing hundreds of cookie-cutter lawsuits against small, often family-owned, retail shops, overwhelming them with the cost and complexity of federal litigation to extort nuisance-value settlements." (Id. at PAGEID 253, ¶ 8). Defendants allege that Plaintiff's suit against Defendants is part of "a pattern of filing federal cases in multiple states with the ulterior motives of forcing business relationships,

obtaining licensing fees, extracting purported 'settlement' monetary demands, harassment, intimidation, and/or accomplishing other ulterior purposes for which the legal proceeding(s) was [*sic*] not designed." (*Id.* at ¶ 12). They claim that "Plaintiff's conduct constitutes an abuse of process and resulted in damages to Tobacco King[.]" (*Id.* at PAGEID 255, ¶ 20).

On September 22, 2025, Plaintiff filed a Motion to Dismiss the Counterclaim. (Doc. #69). Therein, Plaintiff claims that the instant suit was simply seeking redress for what Plaintiff believed to be Defendants selling a counterfeit Stundenglass product in their store. (*Id.* at PAGEID 272, 274-75). As "Plaintiff has a right to seek damages pursuant to the Lanham Act for the Defendants' acts of trademark infringement and counterfeiting[.]" (*id.* at PAGEID 275), the filing of the lawsuit cannot constitute abuse of process, even assuming *arguendo* that Plaintiff had bad intentions in bringing and prosecuting the claims. (*Id.*). Similarly, Plaintiff argues that, by making settlement demands, with proposed licensing agreements, it is acting no differently than any civil plaintiff in federal courts across the country. Plaintiff notes that, in a parallel case, this Court rejected the premise that merely filing lawsuits and making settlement demands could constitute a colorable claim for abuse of process, and asks that the Court make a similar conclusion here. (*Id.* at PAGEID 275-76, quoting *GS Holistic, LLC v. Wireless & Smoke LLC*, No. 1:23-cv-748, Doc. #18, PAGEID 115).

Additionally, Plaintiff asserts that Defendants have failed to allege any act that would constitute abuse of process. Plaintiff argues that, even assuming as

2

true Defendants' allegation that Plaintiff filed false affidavits with respect to service against Defendant Salim, that allegation "is a challenge to the propriety of service, not the use of process for an ulterior purpose[,]" and, thus, Defendants have failed to plead an essential element of the abuse of process claim. (Doc. #69, PAGEID 276-77, citing Doc. #64, PAGEID 253, ¶ 10). Plaintiff also claims that Defendants have failed to allege any losses from the "alleged abuse of process, as opposed to the normal costs of defending a lawsuit." (*Id.* at PAGEID 278).

Defendants did not file a memorandum *contra*, and the time for doing so has expired. S.D. OHIO CIV.R. 7.2(a)(2). The matter is ripe for decision.

## I.  **Legal Standard**

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the [opposing party] has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything

3

alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on the motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Treesh*, 487 F.3d at 476.

Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by well-pleaded factual allegations" that "plausibly give rise to an entitlement of relief." *Id.* at 679.

## II. Analysis

To establish a claim for abuse of process under Ohio law, a plaintiff must allege the following:

> "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." Under the second element, "there is no liability [for abuse of process] where the defendant has done nothing more than

4

>carry out the process to its authorized conclusion, even though with bad intentions."

*Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999) (brackets in original), quoting *Yaklevich v. Kemp, Schaeffer & Rowe Co.*, 68 Ohio St. 3d 294, 298 n.2 (1994). The Supreme Court of Ohio held that abuse of process is distinct from the tort of malicious prosecution and is appropriate only with respect to an "act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process." *Yaklevich*, 68 Ohio St. 3d at 298 (internal quotation marks and citation omitted).

In other words, an abuse of process claim will not lie where, as here, Plaintiff has consistently pursued a judgment against or settlement with Defendants—an intended, legitimate purpose of litigation. Plaintiff is correct that the undersigned's analysis and conclusion in *Wireless & Smoke* are instructive:

>Defendants have alleged nothing more than Plaintiff filing numerous cases and then making settlement demands that contain licensing agreements therein. In other words, Plaintiff has done exactly what numerous civil litigants do every day in District Courts across the country, and its alleged conduct cannot be considered nefarious or tortious. Without more. Plaintiff cannot be liable for abuse of process[.]

(No. 1:23-cv-748, Doc. #18, PAGEID 115). Defendants' allegations are barebones and mostly conclusory, but the specific allegation that Plaintiff falsified proof of service with respect to Salim (Doc. #64, PAGEID 253, ¶ 10) is properly raised in a motion to dismiss for failure to perfect service. FED.R.CIV.P. 12(b)(5). Similarly, if Defendants think Plaintiff's claims are specious (Doc. #64, PAGEID 253-54, ¶¶ 10-

5

14), then they may move for summary judgment. However, Plaintiff's actions, even if ill-intentioned or fraudulent, are in furtherance of the intended goal of litigation—Plaintiff obtaining judgment against or settlement from Defendants. Thus, Defendants' abuse of process claim is legally foreclosed as pleaded.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion to Dismiss (Doc. #69) is SUSTAINED. Defendants' Counterclaim (Doc. #64, PAGEID 252-55) is DISMISSED. Judgment shall ultimately enter in favor of Plaintiff and against Defendants on the Counterclaim.

IT IS SO ORDERED.

November 6, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT