**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TK HAMILTON INC d/b/a<br>TOBACCO KING, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:23-cv-03931<br><br>Judge Walter H. Rice<br><br>Magistrate Judge Michael R. Merz |

**DEFENDANT SALEH SALIM'S MOTION FOR SUMMARY JUDGMENT**

Defendant, SALEH SALIM ("Defendant" or "Mr. Salim"), by and through undersigned counsel, respectfully moves this Court for Summary Judgment pursuant to Fed. R. Civ. P. 56.

Plaintiff GS Holistic, LLC ("Plaintiff") has failed to establish personal jurisdiction over Mr. Salim, a Virginia resident, and failed to perfect service of process, instead relying on a materially false affidavit of service. Furthermore, Plaintiff's Amended Complaint fails to proffer evidence that Mr. Salim personally participated in the alleged infringement, a necessary element for individual liability under the Lanham Act in the Sixth Circuit.

In support of this Motion, Defendant relies on the pleadings, the Declaration of Abdi Ahmed previously filed in this matter, and the Memorandum of Law below.

**MEMORANDUM IN SUPPORT**

**I. INTRODUCTION**

Plaintiff has failed to perfect service on Defendant Salim, relying instead on a Return of Service that claims he was personally served in Ohio when he was, in fact, not present nor physically served. Second, Mr. Salim is a resident of Virginia with no sufficient minimum contacts

with Ohio to support personal jurisdiction in his individual capacity. Finally, Plaintiff cannot establish that Mr. Salim was the “moving, active, conscious force” behind any alleged infringement, which is required to pierce the corporate veil under the Lanham Act.

As this Court explicitly noted in its Order dismissing Defendants’ counterclaim for abuse of process, the specific allegation that Plaintiff "falsified proof of service with respect to Salim... is properly raised in a motion to dismiss for failure to perfect service. FED. R. CIV. P. 12(b)(5)." (Doc. 72, PageID 548). Defendant Salim accepts the Court’s guidance and moves for judgment on that basis, alongside substantive arguments warranting summary judgment.

## II. UNDISPUTED MATERIAL FACTS

1. Plaintiff filed this action on November 27, 2023. (Doc. 1).

2. On May 16, 2024, Plaintiff filed a Return of Service declaring under penalty of perjury that Defendant Saleh Salim was individually served at the Tobacco King store in Columbus, Ohio on February 28, 2024. (Doc. 8).

3. The individual served was not Saleh Salim. As established by the sworn Declaration of Abdi Ahmed, the person handed the papers was Mr. Ahmed, a store clerk/cashier with limited English proficiency. (Doc. 17-2 at ¶ 11). Mr. Ahmed is not an officer or authorized agent for Mr. Salim. (Id. at ¶ 8).

4. In its Amended Complaint, Plaintiff admits that “SALEH SALIM is domiciled in and a resident of Alexandria, Virginia.” (Am. Compl. ¶ 6).

5. Plaintiff’s Amended Complaint alleges generally that owners “directed” infringement but offers no specific evidence nor alleges that Mr. Salim personally purchased, sold, or displayed the specific item at issue. (Am. Compl. ¶ 31).

## III. ARGUMENT

### A. Summary Judgment is Warranted Because Service Was Never Perfected and the Proof of Service is Falsified.

Due process requires effective service of process before a federal court may exercise jurisdiction over a defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). The plaintiff bears the burden of establishing that service was valid.

Here, the "proof" of service is a nullity. The process server's affidavit claims personal service on Salim, but the uncontroverted evidence shows the server actually handed documents to an hourly employee, Abdi Ahmed. (Ahmed Decl. ¶ 11). Handing a summons to a store clerk does not constitute personal service on an officer of a corporation under Fed. R. Civ. P. 4(e). See The Sixth Circuit has held that service on a clerical employee who is not an officer or managing agent is insufficient to bind the principal. *See LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999) (holding that service on a company's low-level employee was invalid).

Because the time to effect service under Rule 4(m) has long expired, and the only proof of service on the docket is materially false, the claims against Mr. Salim must be dismissed.

### B. The Court Lacks Personal Jurisdiction Over Mr. Salim (Rule 12(b)(2)).

Even if service had been proper, this Court lacks personal jurisdiction over Mr. Salim. Plaintiff admits Mr. Salim is a resident of Virginia.. He is not "at home" in Ohio. See *Daimler AG v. Bauman,* 571 U.S. 117, 137 (2014).

Additionally, under the Sixth Circuit's Southern Machine test, a defendant must 'purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.' *S. Machine Co. v. Mohasco Indus., 401 F.2d 374, 381* (6th Cir. 1968).

Lastly, jurisdiction over a corporation does not automatically confer jurisdiction over its officers. *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974). "An officer must do more than merely control corporate affairs. The officer must personally take part in the infringing activity or direct others to do so in order to be liable." *CCA Global Ptnrs. v. Carpetmax Flooring Ctr.*, W.D.Ky. No. 4:02CV-215-M, 2006 U.S. Dist. LEXIS 9228, at *7 (Mar. 6, 2006). Plaintiff alleges jurisdiction based solely on Salim's status as president of the corporate defendant. (Am. Compl. ¶ 6). Plaintiff has failed to show Mr. Salim personally directed activities toward Ohio sufficient to bypass the corporate shield.

**C. Plaintiff Cannot Establish Individual Liability Under the Lanham Act.**

To hold a corporate officer personally liable for trademark infringement, the Plaintiff must show the officer was the "moving, active, conscious force" behind the infringement. "[T]he general rule is that an officer of a corporation may be personally liable for the corporation's infringement without piercing the corporate veil. An officer must do more than merely control corporate affairs. The officer must personally take part in the infringing activity or direct others to do so in order to be liable. In such a case, the officer is liable as an actor, not merely as an agent or owner of the corporation. GS Holistic, LLC v. Express Smoketown, Inc., N.D.Ohio No. 3:23-cv-02040-JGC, 2024 U.S. Dist. LEXIS 114009, at *6 (June 28, 2024) (citing *Top Tobacco, L.P. v. Abdelshahed*, 439 F. Supp. 3d 992, 1006 (M.D. Tenn. 2020), vacated in part on other grounds by 2020 U.S. Dist. LEXIS 163402, 2020 WL 5366523 (M.D. Tenn. Sept. 8, 2020)

Plaintiff's Amended Complaint relies on threadbare recitations and conclusory statements that Salim "directed" the infringement. (Am. Compl. ¶ 31). There is no evidence in the record that Salim personally purchased the counterfeit goods, instructed the clerk to sell them, or had specific knowledge of their presence in the Ohio store. General supervision of a business is insufficient for

personal liability under the Lanham Act. *GS Holistic, LLC v. Express Smoketown, Inc.*, 2024 U.S. Dist. LEXIS 114009 (N.D. Ohio 2024) (dismissing individual owner where GS Holistic "fail[ed] to allege any non-conclusory facts regarding [the owner's] personal involvement").

## IV. CONCLUSION

Plaintiff attempted to assert jurisdiction over a Virginia resident through a materially false and defective affidavit of service. Furthermore, Plaintiff has failed to present evidence that Mr. Salim had the requisite minimum contacts with Ohio or personal participation in the infringement to establish individual liability.

Accordingly, Defendant Saleh Salim respectfully requests that this Court enter Summary Judgment in his favor and dismiss all claims against him with prejudice.

Respectfully submitted,
SALEH SALIM

By: /s/ Harry Rothstein
Harry Rothstein, Esq.
Virginia State Bar No. 100312
Florida State Bar No. 1064420
Law Offices of Herbert S. Rosenblum, PC
526 King Street, Suite 211
Alexandria, VA 22314
Mailing Address: P.O. Box 58
Alexandria, VA 22313-0058
T: (703) 684-0060; F: (703) 684-0072
*Co-Counsel for Defendants*

Jonathan Hilton (0095742)
HILTON PARKER LLC
7658 Slate Ridge Blvd
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
jhilton@hiltonparker.com
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on February 17, 2026, I electronically filed this Motion for Summary Judgment for Harry Rothstein with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Harry Rothstein
Harry Rothstein, Esq.
Virginia State Bar No. 100312
Florida State Bar No. 1064420
Law Offices of Herbert S. Rosenblum, PC
526 King Street, Suite 211
Alexandria, VA 22314
Mailing Address: P.O. Box 58
Alexandria, VA 22313-0058
T: (703) 684-0060; F: (703) 684-0072
*Counsel for Defendant Saleh Salim*